STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL DOCKET
DOCKET NO. 10-7214

STATE OF MAINE

v.

ORDER ON DEFENDANT'S
MOTION TO SUPPRESS

JOSHUA CLARK

This matter came on for hearing on Defendant's Motion to Suppress on March 24, 2011. The Defendant appeared and was represented by James Boulos, Esq., and the State was represented by Angela Cannon, the Assistant District Attorney. The issue presented to the court was whether or not there was reasonable articulable suspicion for the Cumberland County Deputy Sheriff to stop the Defendant on the evening of October 15, 2010 in Windham, Maine.

The Sheriff testified that he was parked in the parking lot of Club 302, which is a restaurant and cocktail lounge on Route 302 in Windham. As he was parked in the lot observing what was happening a vehicle came to his attention. The driver of that vehicle revved up the motor and started to drive off with the tires squealing. At a distance of about 200 feet, the Deputy could clearly hear the motor revving and the squealing of the tires with his window down. He further observed the vehicle continuing onto Route 302 and he pulled out behind it to follow it. As he was following it, the motor vehicle swerved over the centerline once and the Deputy stopped the vehicle.

Title 29A MRSA §2079 provides that "braking or acceleration may not be unnecessarily made so as to cause a harsh or objectional noise". The Defendant asserts that "objectional" is not a word and the statute is therefore void. The court rejects that argument and has easily found in online dictionaries that the word objectional means objectionable and therefore finds the statute is valid. The Deputy Sheriff clearly heard revving of the engine and the squealing of tires as being loud from a distance of 200 feet when the driver of the motor vehicle proceeded from stopped position to move out onto the highway. The court finds that this is sufficient noise to give rise to a reasonable suspicion that the statute was being violated by the operator of the motor vehicle. "Suspicion of a civil violation provides adequate specific and articulable facts" upon which an investigatory stop is valid. State v. Taylor, 1997 ME 81, ¶9. On the stand, the Deputy Sheriff clearly articulated the activities of the Defendant which led to his stop.

The Defendant argues that the principles set forth in State v. Chapman, 495 A.2d 314 (ME 1985) require the stopping officer to testify as to his subjective reasons before the Court can find that reasonable articulable suspicion can be found. After review of Whren v. United States, 116 S.Ct. 1769 (1996) and Ohio v. Robinette, 117 S.Ct. 417 (1996) this Court finds that the requirements of Chapman, supra, no longer apply and that the Court need only determine whether an officer is objectively justified in detaining an individual. The State has met its burden in this case.

Motion to Suppress is denied.

DATED: March 30, 2011

_____
Hon. E. Paul Eggert, Judge
Maine District Court